UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

06 61

------------------------------------ X

ROSICKI, ROSICKI & ASSOCIATES, P.C., ENTERPRISE PROCESS SERVICE INC., THRESHOLD LAND INC. and WHITTIKER LEGAL PUBLISHING CORP.,

Plaintiffs,

v.

THE SOFTWARE & INFORMATION INDUSTRY ASSOCIATION,

Defendant.

------------------------------------ X

Civil Action No. 06-___________

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 17 2006 ★
BROOKLYN OFFICE
SEYBERT, J
TOMLINSON, M.J.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Rosicki, Rosicki & Associates, P.C., Enterprise Process Service Inc., Threshold Land Inc. and Whittiker Legal Publishing Corp. (collectively, "RR&A"), by and through their undersigned counsel, as and for their Complaint for Declaratory Relief (the "Complaint") against defendant The Software & Information Industry Association ("SIIA"), allege as follows:

## NATURE OF THE ACTION

1. This action arises out of a scheme by SIIA to extort penalty payments, for its own account, from small to medium sized businesses accused of copyright infringement. Through its informant program, SIIA encourages current and former employees to report incidents of alleged copyright infringement, inducing them with promises to pay a percentage of the recovery in amounts up to as much as $200,000. Acting on tips that often come from disgruntled former employees, SIIA uses the threat of litigation to coerce monetary settlements, for multiples of the

amounts at issue, without appropriate consideration for the innocence or lack of willfulness of the accused businesses.

2. Based upon an accusation by a former employee of RR&A, SIIA accused RR&A of using unlicensed software. RR&A investigated the situation, and was informed by its longtime technology vendor that all software in use at its facilities was properly licensed. SIIA was unsatisfied with the vendor's audits, and insisted on increasing levels of proof. Unaware that its vendor had committed fraud, RR&A invited SIIA to visit its premises and inspect the software. RR&A had no idea that its vendor had installed original equipment manufacturer ("OEM") software. When SIIA pointed it out during one such meeting, RR&A began to investigate. It hired new computer consultants and thereafter learned that the installation of OEM software without the corresponding hardware was improper. RR&A has taken swift action against the vendor: RR&A discharged the vendor and commenced a lawsuit against the vendor. RR&A has also attempted in good faith, on multiple occasions, to negotiate a resolution with SIIA. However, although SIIA had no basis to believe that RR&A was acting willfully, SIIA has insisted on penalty payments for multiples of the amounts at issue, along with other draconian terms, treating RR&A as a willful infringer.

3. Accordingly, RR&A brings this action seeking a declaration that any alleged copyright infringement was innocent, or at least not willful, and a declaration that SIIA's attempts to extort penalty payments and other concessions from RR&A constitute copyright misuse.

**THE PARTIES**

4. Plaintiff Rosicki Rosicki & Associates, P.C. (the "Rosicki Firm"), is a New York professional corporation with a principal place of business at 51 East Bethpage Road, Plainview, NY 11803.

5. Plaintiff Enterprise Process Service Inc. ("Enterprise") is a New York corporation with a principal place of business at 584 Main Street, Islip, NY 11751. Enterprise is engaged in the business of providing process service.

6. Plaintiff Threshold Land Inc. ("Threshold") is a New York corporation with a principal place of business at 584 Main Street, Islip, NY 11751. Threshold is a title abstract company.

7. Plaintiff Whittiker Legal Publishing Corp. ("Whittiker") is a New York corporation with a principal place of business at 150 King Road, Rocky Point, NY 11778. Whittiker is engaged in the business of legal publishing.

8. Upon information and belief, Defendant SIIA is a District of Columbia non-profit corporation with a principal place of business at 1090 Vermont Ave NW, Sixth Floor, Washington DC 20005-4095. Upon information and belief, SIIA is a trade association whose members include more than 900 prominent software and information companies. Upon information and belief, SIIA has an office in New York County and does business nationwide, including in the Eastern District of New York.

**JURISDICTION AND VENUE**

9. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et*

*seq*. This Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

**The SIIA Informant Program**

11. According to its website, SIIA operates an informant program which encourages private individuals to report suspected copyright violations. To facilitate such reporting, SIIA has set up both a reporting form on its website and an "Anti-Piracy Hotline."

12. SIIA induces employees and former employees of businesses, many of whom are disgruntled, to report instances of alleged copyright infringement, by, *inter alia*:

a. Offering to pay witnesses contingent rewards based on a percentage of the recovery, up to $200,000, resulting from their report of software infringement;

b. Assuring informants that SIIA will maintain the anonymity of its informants and affirmatively stating that SIIA has never had to reveal the identity of a source that wishes to be anonymous; and

c. Assuring informants that SIIA will not hold them liable for any "illegal" software that they may have installed on their employers' computers.

13. Upon information and belief, SIIA has a history of consistently pursuing small to medium sized business with blanket allegations of willful infringement of its members' copyrights, and demanding monetary settlements up to three (3) times the manufacturer's suggested retail price ("MSRP") for the software, without appropriate regard for the intent of the infringer. Upon further information and belief, SIIA retains all sums that it recovers that are in excess of the MSRP.

14. Upon information and belief, SIIA's exorbitant settlement demands and threats amount to extortion for the purpose of deriving monetary benefits far beyond its entitlement and/or the entitlement of its members.

**RR&A's Relationship with Filmor Industries Inc.**

15. The Rosicki Firm is a law firm engaged in the business of providing legal services relating to the mortgage banking industry. The Rosicki Firm's principals are not sophisticated with regard to hardware or software. At all times relevant hereto, the Rosicki Firm, and its affiliated companies, Enterprise, Threshold and Whittiker, did not have an information technology department or information technology employees. Instead, RR&A utilized an independent contractor, Philip Cochems d/b/a Filmor Industries and Computer Help Center ("Filmor"), to procure and manage all of its computer-related hardware and software.

16. From the Rosicki Firm's inception in or about 1994, Filmor was responsible for procuring, purchasing and installing all software products in use at the Rosicki Firm's offices. Filmor also handled such responsibilities for Enterprise, Threshold and Whittiker. Filmor billed RR&A for all software it purportedly purchased and for its services or directed RR&A as to where payment should be made. RR&A was never involved in the actual procurement of the software products by Filmor.

17. RR&A trusted Filmor implicitly and, until recently, had no reason to suspect that it was engaged in any wrongful activity.

**The Present Dispute**

18. On or about October 6, 2004, SIIA, through its California-based retained counsel, sent a letter to RR&A claiming that SIIA had received evidence that RR&A had installed on its computers and was using unlicensed software of its members. The letter made blanket allegations of copyright infringement with respect to software produced by SIIA's members, and demanded that RR&A conduct an audit of the software on its computers.

19. In response, RR&A promptly contacted Filmor, which assured its principals that all software was fully licensed. At RR&A's request, Filmor conducted an expensive and time-consuming audit of the accused SIIA member software installed on RR&A's computers. Filmor reported to RR&A that the audit confirmed that there were no unauthorized installations of SIIA's members' products.

20. RR&A informed SIIA's California-based counsel of the audit results, authorized SIIA to speak to Filmor directly, and offered to allow SIIA to visit RR&A and inspect its systems at any time.

21. SIIA spoke to Filmor, but was not satisfied with its conclusion. SIIA began to harass RR&A with overbearing demands for information and made threats of litigation for non-compliance, citing the court's authority to impose huge financial penalties. In addition, SIIA's California-based counsel failed to convey RR&A's offer to allow inspection to its client.

22. Upon information and belief, SIIA also harassed and badgered former employees of RR&A in an attempt to fish for witnesses, going so far as to repeatedly contact a former employee at home and at his new place of employment, in addition to contacting his relatives. Additionally, in direct violation of its stated policy to protect the identity of its informants, SIIA identified a former employee of the Rosicki Firm as the individual who reported RR&A's allegedly infringing activities.

23. At RR&A's request, Filmor submitted the results of its initial audit to SIIA. SIIA was not satisfied. RR&A engaged Filmor to conduct a second audit, the results of which RR&A also forwarded to SIIA. SIIA was not satisfied with the second audit and demanded proof of purchase information, which Filmor claimed not to have.

24. Filmor then engaged two independent experts. One expert reviewed a software audit and certified that RR&A was fully licensed and the other expert concluded that RR&A was "in complete compliance with Microsoft license schema." RR&A forwarded these results, and again invited SIIA to visit its premises to inspect the software.

25. An SIIA representative visited RR&A's premises twice. During the second visit, RR&A, acting under the notion that its software was properly licensed, handed one of the products to the SIIA representative who exclaimed that it was "OEM" software, and became angry.

26. RR&A did not understand SIIA's reaction. Nevertheless, in an effort to resolve the matter, RR&A extended a settlement offer to SIIA. The SIIA representative, an attorney, stated that he would not pass the offer along to his clients, and ended the meeting.

27. In response to this information, RR&A promptly engaged the International Association of Information Technology Asset Managers ("IAITAM"), a reputable organization in the field of software best practices, to conduct another software compliance audit.

28. As a result of the audit by IAITAM, RR&A learned that OEM software licenses are only valid if the software is purchased in conjunction with appropriate hardware. This was the first time that RR&A had any reason to question the work that Filmor had done over the past 11 years.

29. IAITAM's investigation revealed that, unbeknownst to RR&A, Filmor had engaged in numerous improper acts. In particular, despite billing RR&A for licensed software, Filmor had installed software on RR&A's computers which SIIA claims is unlicensed (the "Software"). RR&A has since commenced litigation against Filmor and others with regard to their improper acts.

30. Following the IAITAM audit, RR&A engaged in face to face negotiations with SIIA, and made a good faith effort to resolve the dispute with SIIA on commercially reasonable terms.

31. However, SIIA treated RR&A as a willful infringer, and demanded that RR&A agree to draconian terms to avoid being sued by SIIA.

32. There is an actual controversy between the parties concerning the extent of RR&A's liability, if any, with respect to the Software.

33. More particularly, SIIA has asserted that RR&A is liable for willful copyright infringement notwithstanding the fact that RR&A was completely unaware of Filmor's wrongful acts.

## COUNT I

### Declaratory Judgment That Any Alleged Infringement Was Innocent

34. RR&A repeats the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

35. Based on the foregoing allegations, there exists between the parties an actual controversy of sufficient immediacy and reality to warrant declaratory relief as to whether any alleged copyright infringement by RR&A was innocent.

36. If there was any infringement of the copyrights of SIIA's members by RR&A, it was a result of Filmor's fraud, and consequently was innocent.

37. RR&A seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that any infringement by RR&A of the copyrights asserted by SIIA was innocent within the meaning of 17 U.S.C. § 504(c)(2).

## COUNT II

### Declaratory Judgment That Any Alleged Infringement Was Not Willful

38. RR&A repeats the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

39. Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief as to whether any alleged copyright infringement by RR&A was not willful.

40. If there was any infringement of the copyrights of SIIA's members by RR&A, it was a result of Filmor's fraud, and consequently was not willful.

41. RR&A seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that any infringement by RR&A of the copyrights asserted by SIIA was not willful within the meaning of 17 U.S.C. § 504(c)(2).

## COUNT III

### Declaratory Judgment of Copyright Misuse

42. RR&A repeats the allegations contained in Paragraphs 1 through 33 as though fully set forth herein.

43. Based on the foregoing allegations, there exists between the parties an actual controversy of sufficient immediacy and reality to warrant declaratory relief as to whether SIIA has misused the copyrights of it members.

44. SIIA is using threats of lawsuits for willful copyright infringement, harassment, offers to pay witnesses contingent monetary rewards and other tactics to unlawfully secure recovery for its own account, far beyond what its members are entitled to under the copyright laws.

45. RR&A seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that SIIA misused the copyrights of its members, and that SIIA's copyright misuse prohibits copyright enforcement by SIIA against RR&A.

WHEREFORE, RR&A prays for judgment and relief as follows:

A. A declaration that any infringement of the Software by RR&A was innocent;

B. A declaration that any infringement of the Software by RR&A was not willful;

C. A declaration that SIIA misused the copyrights of its members, and that SIIA's copyright misuse prohibits copyright enforcement by SIIA against RR&A;

D. Attorneys' fees pursuant to the Copyright Act;

E. RR&A's costs and disbursements within; and

F. Such other and further relief as the Court deems just and equitable.

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP

By: [signature]

Peter Brown (PB 2980)
Nancy J. Mertzel (NM 2858)
900 Third Avenue
New York, New York 10022
(212) 895-2000

Attorneys for Plaintiffs
Rosicki, Rosicki & Associates, P.C., Enterprise Process Service Inc., Threshold Land Inc. and Whittiker Legal Publishing Corp.

Dated: November 17, 2006

953466